# United States District Court

**EASTERN** District of **CALIFORNIA**

UNITED STATES OF AMERICA
V.

Chanh VORASANE
Ketkeo VORASANE

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

Case Number:

1:11mj00222 DLB

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about <u>October 20, 2011</u> in <u>Fresno</u> County,
(Date)
in the **EASTERN** District of **CALIFORNIA** defendant(s) did,

*(Track Statutory Language of Offense)*
knowingly and intentionally conspire to manufacture, to distribute and to possess with intent to distribute marijuana, a Schedule I controlled substance,

in violation of Title <u>21</u> United States Code, Section (s) <u>841(a)(1) and 846</u>
I further state that I am a(n) <u>Task Force Officer of the Drug Enforcement Administration</u> and that this complaint is based on the following facts:
Official Title

Continued on the attached sheet and made a part hereof.  ☒ Yes ☐ No

_____
Signature of Complainant

Robert Perez
Printed Name of Complainant

Sworn to before me and subscribed in my presence,

10/21/2011  at  Fresno, CA
Date              City              State

_____
Name of Judge   Title of Judge   Signature of Judge

# AFFIDAVIT

I, Robert Perez, being duly sworn, do hereby declare and state:

I am a Deputized Task Force Agent for the Drug Enforcement Administration (DEA), assigned to the High Intensity Drug Trafficking Area group (HIDTA), and have been so assigned since December, 2008. I have been employed with the Fresno County Sheriff's Office since March, 2001. Prior to this assignment, I was assigned to the Fresno County Sheriff Narcotics Enforcement Team for nearly two years. My law enforcement training began in July, 2007, when I attended the Police Academy at the State Center Community College District Regional Training Facility in Fresno California. This course was over 23 weeks long from July, 1997, through December, 1997, and consisted of basic police and criminal law training. I have received special training in the methods used by drug traffickers to illegally produce, transport, and distribute marijuana and other controlled substances. I am familiar with, and have participated in, all the formal methods of investigations, including but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses, search warrants, confidential informants, and the use of undercover agents. I have participated in investigations involving organizations trafficking in controlled substances. Based on my experience and training I have acquired from drug enforcement schools and from working with other Special Agents and Detectives, I am providing the following facts.

This affidavit is made to support a complaint charging Ketkeo VORASANE and Chanh VORASANE with Conspiracy to Manufacture, to Distribute, and to Possess with Intent to Distribute Marijuana, a

1

Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

B. **FACTS ESTABLISHING PROBABLE CAUSE**

The facts which establish probable cause of the arrest of Ketkeo VORASANE and Chanh VORASANE are either personally known to me or have been told to me directly by other Federal, State, Local law enforcement officers.

Beginning in or about August, 2011, the U.S. Drug Enforcement Administration (DEA) and Fresno County Sheriff's Office ("FSO") initiated an investigation of several subjects who were cultivating marijuana in rural areas of Fresno County. A multitude of subjects in Fresno County were openly engaged in the cultivation of marijuana at various locations throughout the county. FSO detectives traveled to many of the locations, one of which is located at 22743 E. Parlier Avenue, Reedley California in Fresno County, California

On October 18, 2011, Fresno County Sheriff Detective Michael Severson flew over the above mentioned property and observed what appeared to be several hundred marijuana plants being grown. This aerial surveillance was flown at 1,000 above ground level (AGL). Detective Severson was unable to determine if this property had a residence on it from his vantage point.

Detective Severson saw several vehicles on the property around the grow site.

Detective Severson later drove near the grow site in the surrounding orchards. Detective Severson was able to see the

marijuana plants growing on the property and was able to smell a strong odor of marijuana in the area.

On October 20, 2011, a federal search warrant was served at the above mentioned location. A Fresno County Sheriff helicopter flew over the property utilizing the loud speaker informing individuals on the property that a search warrant was being served and to exit the grow site and walk towards the officers.

All law enforcement officers were wearing uniforms with clear visible markings. As detectives and special agents were serving the search warrant on the property, they observed an Asian male adult, later identified as Chanh Vorasane, in the marijuana grow site near the residence on the property. Detectives gave Vorasane several commands to walk towards them, but he only stared at them and would not follow their commands. Chanh then looked up in the air at the Sheriff Office helicopter and then walked in the residence the side door located on the west side, despite officers given him commands not to go inside the residence.

Fearing that Chanh was possibly going to arm himself, the detectives approached the residence. Detectives attempted to open the door and discovered that Chanh had locked it. The detectives then went to the front door and made contact with the occupants inside. One of the occupants was later identified as Chanh's brother, Ketkeo VORASANE. The detectives had everyone exit the residence for safety purposes. From outside the front door, detectives were able to see in plain view processed marijuana on the floor approximately three feet from the front door.

A security sweep was conducted of the residence for officer safety and detectives located a locked bedroom door. Detectives made several announcements and there was no response. Forced entry was made and Chanh was located in the bedroom. Inside the bedroom in plain-view was a loaded 12 gauge double barrel shotgun by the door where Chanh was arrested.

A federal search warrant was obtained for the residence and several hundred pounds of processed marijuana was seized. A Glock .357 handgun was also located in the residence. Outside the residence, detectives eradicated approximately 1,163 marijuana plants and several hundred pounds of processed marijuana was seized.

Upon advice and waiver of his Miranda rights, Chanh said he was asked to go to the residence by his cousin Ketkeo to help him cut the marijuana plants. Chanh also admitted that he stayed in the room where he was located. Chanh also stated that the guns belonged to Ketkeo.

Upon advice and waiver of his Miranda rights, Ketkeo admitted to being the owner of the shotgun and Glock pistol. Ketkeo had keys in his pocket that opened the locks to a shed where several pounds of marijuana was being processed and the front door of the residence.

## CONCLUSION

Based on the foregoing, there is probable cause to believe that Ketkeo VORASANE and Chanh VORASANE did knowingly and intentionally Conspire to Manufacture, to Distribute and to Possess with Intent to Distribute, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 846.

4

1  I, Robert Perez, your affiant, swear that the facts presented herein
2  are true and accurate to the best of my knowledge.

                                    Robert Perez, Task Force Officer
                                    Drug Enforcement Administration

SUBSCRIBED AND SWORN TO
BEFORE ME THIS DAY OF
October 21, 2011

Honorable Dennis L. Beck
United States Magistrate Judge