IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KETKEO VORASANE,<br><br>Defendant. | Case No. 1:11-cr-00373-NONE-BAM<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

On January 22, 2013, defendant Ketkeo Vorasane was sentenced by this court to the custody of the U.S. Bureau of Prisons (BOP) for a term of 60 months imprisonment to be followed by a 60 month term of supervised release pursuant to his plea of guilty to possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(i). On May 14, 2018, following his release from BOP custody, the court received a letter[1] from defendant requesting an early termination of his supervised release term on the grounds that he had fully complied with the terms of supervised release since his release from custody on February 26, 2016 and that he wished to travel to his native Laos to care for his ailing mother. (Doc. No. 56.)

Unfortunately, perhaps because the request was presented in letter form without a submission from the U.S. Probation Office, defendant's request was overlooked by the court.

---

[1] Defendant's letter was dated April 16, 2018, four weeks before it was received by the court.

Although defendant Vorasane has not communicated with the court since his letter of April 16, 2018, upon discovery of his request the undersigned, who was assigned to preside over this action on February 3, 2020, made inquiry with both the U.S. Probation Office and the U.S. Attorney's Office to determine their respective position regarding the defendant's request for early termination.

On February 6, 2020, the U.S. Probation Office responded with a memo reporting that defendant was being supervised in the Northern District of Georgia. It was also reported that in November of 2019 a report had been filed with the court advising that the defendant had violated the terms of his supervision in December 2018 by using alcohol and engaging in a new law violation, although no action with respect to his supervised release term was taken at that time. Finally, it was reported that since the December 2018 violation, the defendant had remained in compliance with the conditions of supervision, that his supervising probation officer would concur with the court's decision on early termination and that the Probation Office therefore did not object to the defendant's request. On that same day, the U.S. Attorney's Office filed written opposition to defendant's request for early termination based upon the seriousness of the criminal conduct for which the defendant was convicted, the significant "break" the defendant has already received at the time of his sentencing and his failure to comply with the terms of his supervised release in December 2018. (Doc. No. 60.) The court finds the government's argument to be persuasive in light of the limited showing made by defendant in support of his request.

Title 18 U.S.C. § 3583(e)(1) grants the court power to terminate a term of supervised release at any time after the expiration of one year of supervised release, pursuant to the provisions of Federal Rule of Criminal Procedure Rule 32.1(c)[2], provided the court is satisfied that such action is warranted by the conduct of the defendant and in the interests of justice. Here, defendant Vorasane has not established that his conduct while on supervised release, or any

---

[2] Federal Rule of Criminal Procedure 32.1(c)(1) generally requires "a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." However, no hearing is required if the defendant waives the hearing. Fed. R. Crim. P. 32.1(c)(2)(A). Nor is a hearing required if the relief is favorable to the defendant and the government does not object. Fed. R. Crim. P. 32.1(c)(2)(A) and(B).

changed circumstances, justify early termination of his supervised release.  It is unclear whether the defendant's family situation in his native Laos remains unchanged and/or whether his presence there is still required.  However, the court would note that permission for foreign travel can be granted through the supervising probation officer, with court approval, while one is on supervised release.

Based upon the present record, the court is unable to conclude that early termination of supervised release is warranted based on the defendant's conduct and in the interests of justice. Accordingly, his request for early termination (Doc. No. 56) is denied without prejudice to a renewed and fully supported request.

IT IS SO ORDERED.

Dated:  **February 12, 2020**             _Dale A. Drozd_
UNITED STATES DISTRICT JUDGE